Trial Judge Yannello has certified for interlocutory appeal, pursuant to Rule 53(c)(2), her order of August 24, 1982, refusing to reopen the 1965 decision of the Indian Claims Commission (the "Commission”) determining the date of taking of certain of the plaintiffs lands. 15 Ind. Cl. Comm. 666 (1965). We affirm that ruling.
This case was filed with the Commission in August 1951, pursuant to the Indian Claims Commission Act, 25 U.S.C. §70a (1976). It sought just compensation for the taking by the United States of certain of the plaintiffs land. In a decision rendered on September 8, 1965, the Commission held, with respect to the land involved in this phase of the case, (1) that the plaintiff had aboriginal title to that land, and (2) that "the United States extinguished Indian title to said lands without payment of compensation to the petitioner on the 7th day of November, 1906.” 15 Ind. Cl. Comm, at 705A. In finding that the date of taking was 1906, the Commission stated that "as to the alleged date of taking, petitioner has offered little proof other than a general statement that the date of taking was around 1906.” Fdg. 18,15 Ind. Cl. Comm, at 681.
The portion of the Commission’s interlocutory order referring to the claim involving this land directed that "the case proceed to the determination of the acreage of the tracts described in Finding of Fact No. 3, and the value of said tracts as of November 7, 1906.” 15 Ind. Cl. Comm, at 705A.
Nothing further of significance transpired before the Commission, apparently because of the plaintiffs attempts to obtain the return of the land rather than monetary compensation for its taking. In May 1978, the Commission transferred the case to this court. 41 Ind. Cl. Comm. 304, 307 (1978).
On July 22, 1982, the plaintiff, represented by new counsel who entered his appearance in May 1979, filed a motion to reopen the Commission’s decision that the date of taking was November 7, 1906, "for the limited purpose of presenting proof on the date of taking of that area.” The plaintiff made a number of contentions in support of that motion, including that there is no evidence to support the *1053 Commission’s 1906 date, that the Commission erroneously took judicial notice of two documents, that correction of the Commission’s error will expedite final disposition of the case, and that justice requires correction of the Commission’s alleged error in finding the date of taking.
On August 26, 1982, the trial judge denied the motion "inasmuch as the grounds set forth therein are insufficient to warrant a reopening of the Commission decision at this late date.” In its request for review and lengthy supporting brief, the plaintiff repeats and expands the arguments it made before the trial judge. It also suggests that the Commission’s determination of 1906 as the date of taking reflected an improper concession by the former attorney for the plaintiff.
Despite the vigor and intensity with which the plaintiff argues its case, it has not presented a convincing justification for the inordinate delay in seeking this relief. The Commission’s interlocutory order that the plaintiff seeks to reopen was rendered 17 years ago. Despite all the circumstances that the plaintiff recites, that period provided ample opportunity to seek a change in the Commission’s determination. The plaintiff did not ask the Commission to change its ruling during the 13 years between the ruling and the Commission’s transfer of the case to this court. Indeed, the plaintiff waited four years after the Commission had transferred the case here before it filed this motion.
This case has been pending for 31 years, and it still appears to be a long way from completion. The issue of the amount of land that the United States took from the plaintiff in 1906 and the value of that land as of that date presumably could have been tried many years ago. We do not think it would be sound judicial practice to permit the plaintiff at this late date to reopen and introduce further evidence on an issue the Indian Claims Commission laid to rest in 1965. Cf. Pueblo of Santo Domingo v. United States, 227 Ct. Cl. 265, 647 F.2d 1087 (1981), cert. denied, 456 U.S. 1006 (1982).
The order of the trial judge denying the plaintiffs motion to reopen the decision of the Indian Claims Commission with respect to the date of taking is affirmed.